KEVIN J. MIRCH, ESQ.
kevinmirch@mirchlaw.com
California Bar No. 106973
MARIE C. MIRCH, ESQ.
marie@mirchlaw.com
California Bar No. 200833
1180 Rosecrans St., #104-552
San Diego, California 92106
Telephone: (619) 501-6220

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| RALPH PETERSON, M.D., <br><br> Plaintiff, <br><br> v. <br><br> SUTTER BAY MEDICAL FOUNDATION; SUTTER BAY HOSPITALS; NEIL STOLLMAN, M.D., ROD PERRY, M.D., PHILIP RICH, M.D. CATHY L. LOZANO (Board Investigator), KRISTINA LAWSON, (Board Member) HOWARD KRAUSS, M.D., (Board Member) RANDY HAWKINS, M.D., (Board Member) RICHARD D. FANTOZZI, M.D. ,(Board Member) HEDY CHANG (Former Board Member), DEV GNANADEV, M.D., (Board Member) RONALD LEWIS, M.D., (Board Member) LAURIE ROSE LUBIANO,(Board Member) ASIF MAHMOOD, M.D.(Board Member) RICHARD THORP, M.D.,(Board Member) ESERICK WATKINS, (Board Member) FELIX YIP, M.D.(Board Member) DENISE PINES (Former V.P of Board), MICHAEL BISHOP, (former Secretary of Board), SHARON LEVINE, M.D. (Former Board Member), EVELYN "GERRIE" SCHIPSKE, (Former Board Member) JAMIE WRIGHT, (Former Board Member), LINDA WHITNEY & DOES 1-10. <br><br> Defendants. | Case No.: 3:21-cv-04908-WHO <br><br> PLAINTIFF'S EX PARTE APPLICATION FOR ORDER TO EXTEND TIME FOR PLAINTIFF TO FILE OPPOSITION TO MOTION TO DISMISS FILED BY MICHAEL BISHOP, SHARON LEVINE, HEDY CHANG, RICHARD FANTOZZI, DEV GNANEDEV, RANDY HAWKINS, HOWARD KRAUSS, KRISTINA LAWSON, RONALD LEWIS, LAURIE ROSE LUBIANO, ASIF MAHMOOD, PINES, EVELYN "GERRIE"SCHIPSKE, RICHARD THORP, ESERICK WATKINS, LINDA WHITNEY, WRIGHT, and FELIX YIP <br><br> (First Request) <br><br> Current Due Date: 12/3/2021 <br> Proposed Due Date: 12/17/2021 |

Plaintiff, Ralph Peterson, M.D. by and through his attorneys of record, hereby moves this court for a 14 (fourteen) day extension of time to and including December 17, 2021 file his opposition to the Motion to Dismiss filed on behalf of Defendants Michael Bishop, Sharon Levine, Hedy Chang, Richard Fantozzi, Dev Gnanedev, Randy Hawkins, Howard Krauss, Kristina Lawson, Ronald Lewis, Laurie Rose Lubiano, Asif Mahmood, Denise Pines, Evelyn "Gerrie" Schipske, Richard Thorp, Eserick Watkins, Linda Whitney, Jamie Wright, and Felix Yip and(hereinafter referred to as "State Board Defendants") .This Motion is made pursuant to L.R. 7-11, the following memorandum of points and authorities and pleadings on filed herein. This is the first request for an extension regarding this motion.

## FACTS

a. <u>Introduction</u>

This action arises from the ongoing wrongful conduct of the California Medical Board ("CMB") and Sutter Bay Medical Foundation against the Plaintiff Dr. Ralph Peterson. Dr. Peterson is an Afro-American medical doctor who practices in Oakland, California, who advocates for and serves Oakland's indigent and under served MediCal community . *First Amended Complaint at ¶57.* Sutter Bay Medical Foundation operates as Sutter Health ("Sutter") and controls and owns a network of 24 hospitals. *First Amended Complaint at ¶39.* In the Complaint that was filed on June 26, 2021, and amended on November 6, 2021 to correct the name of the Defendant Sutter Bat Medical Foundation and the spelling of the name of Defendant Philip Rich. Plaintiff alleges that "Sutter monopolizes and controls healthcare and medical discipline in Northern California through the use of a number of unlawful strategies ("Sutter's MediCal Strategy") to finance and operate its consolidation and monopoly of Northern California healthcare". *First Amended Complaint at ¶40 .* Plaintiff further alleges that "Sutter uses medical discipline to control physician

referrals, acquisition of physician practices and to punish non-cooperating physicians thereby undermining their credibility as a witness and destroying their medical practices. Sutter controls medical discipline by strategic placement of its "cooperating or compliant physicians" and/or attorneys on institutional peer review panels and the California Medical Board "CMB". Sutter's peer review panels and the CMB participated in strategic discipline used to divert its own malpractice onto Dr. Peterson and other uncooperative physicians. As a result of its "MediCal Strategy", Sutter performed only profitable procedures, steering away unprofitable procedures to county medical facilities. Revenues generated from Sutter's "MediCal Strategy" were used to pay unlawful "kickbacks" and to acquire physician medical practices. Sutter's "MediCal Strategy" violated Federal and State law which prohibits physician "kickbacks" which corrupt competent medical treatment decisions resulting in more expensive, unnecessary and/or harmful care being provided to vulnerable patients. *Id at 41-46.*

Starting at least as early as 2013, Sutter was the subject of a California Attorney General investigation concerning the unlawful payment of "kickbacks" to its compliant physicians. At the same time, a separate investigation was being conducted into the "CMB" discrimination against African American and Hispanic physicians. On or about November 18, 2019, the California Attorney General's office found that Sutter's physician referral payment programs violated "Stark" statutes and that Sutter had been reimbursed for the physician "kickbacks" by MediCal. On or about December 20, 2019, Sutter agreed to pay out $575 million in damages and to have its business operations monitored for 10 years as part of a settlement with the State of California in AG Becerra's anti-competitive action against the hospital *First Amended Complaint at ¶¶130-131.* The settlement was approved by the Superior Court of California, County of San Francisco on August 27, 2021.

Neither the "kickback" nor discrimination investigations were ever disclosed to Dr. Peterson. *First Amended Complaint at ¶102.* Dr. Peterson did not learn about these investigations until the airing of a December 2020 report by 60 Minutes. Defendants had concealed these investigations and conflicts through confidential settlements and false declarations paying "kickbacks" and threatening other witnesses with discipline. *First Amended Complaint at ¶¶108-109* . Plaintiff's First Amended Complaint alleges that "Sutter targeted Dr. Peterson because he refused to accept kickbacks for steering/overbilling and he educated Oakland's indigent and under served patients about their MediCal rights. Sutter has used the disciplinary process to stifle Dr. Peterson's patient advocacy and education by initiating unfounded disciplinary actions and spreading false rumors regarding the quality of care provided through his medical practice. *First Amended Complaint 144-145.* The First Amended Complaint contains a detailed history of the conduct of the defendants that is the basis for the following seventeen causes of action alleged in the First Amended Complaint:

b. <u>Board Defendants' Motion to Dismiss First Amended Complaint .</u>

On November 19, 2021, defendants Michael Bishop, Hedy Chang, Richard Fantozzi, Dev Gnanedev, Randy Hawkins, Howard Krauss, Kristina Lawson, Ronald Lewis, Laurie Rose Lubiano, Asif Mahmood, Denise Pines, Evelyn "Gerrie" Schipske, Richard Thorp, Eserick Watkins, Linda Whitney, Jamie Wright, Felix Yip filed a Motion to Dismiss the First Amended Complaint ("State Board Defendants") (ECF # 60). The Opposition / Response to the motions is due December 3, 2021, with the hearing for the motion set for January 5, 2022.

Plaintiffs counsel is unable to file his opposition the Motion to Dismiss by the current due date. Plaintiff is represented by the Mirch Law Firm, which consists of two attorneys, Kevin and Marie Mirch. The Mirches work remotely without support staff. Plaintiff's counsel has recently encountered severe end-of-life medical health issues

with close family members that have taken them from their work duties including preparation of the opposition to the Board Defendants' motion. Plaintiff's counsel could not foresee the numerous serious health issues of close family members that were forthcoming. Mr. and Ms. Mirch has been involved with a number of serious medical health issues with close family members that have taken time away from their legal duties. Specifically, they learned in late October that her sister was diagnosed with cancer. Initially, the type and severity was not known. On October 29, 2021, Ms. Mirch was told her sister had two weeks to live. Mr. and Mrs. Mirch planned to travel to see her sister the next week, but were unable to because of the hospital's restrictions on visitors because of Covid. Their sister has since undergone chemotherapy that has extended her life past two weeks, but it is still a very serious day to day situation, and Mr. and Mrs. Mirch still must visit their sister as soon as possible. *Declaration of Marie Mirch.*

Meanwhile, Mr. and Mrs. Mirch's brother in law passed away on November 4, 2021. Mrs. Mirch then took time to grieve and be with another sister to assist her and her family with the loss of their loved on. Shortly thereafter, the Mirches learned that Mr. Mirch's 91 year old father was hospitalized for six days. Shortly thereafter, Mr. Mirch's mother suffered a fall and is currently being evaluated. *Declaration of Marie Mirch*

On November 16, 2021, Marie and Kevin Mirch learned that they had been exposed to Covid and subject to a mandatory 14 day quarantine. Mr. and Mrs. Mirch have been attending to these important family health matters, and not able to complete her legal work. *See Declaration of Marie Mirch* .

On November 29 , 2021, attorney Marie Mirch corresponded by email with the Board Defendants' counsel to ask if the moving defendants opposed this request for an extension of time. *See Ex 1 to Declaration of Marie Mirch* . Defense counsel

1 responded that the State Defendants do not oppose Plaintiff's extension request. *Declaration of Marie Mirch* .

## LEGAL AUTHORITY

Federal Rule of Civil Procedure allows the Court to extend the time for good cause. Local Rule 6-1(b) requires a Court order to enlarge time that alters an event or deadline already fixed by Court. Plaintiff tried to get a stipulation, pursuant to L.R. 6-2, but defense counsel preferred to state that the motion was not opposed. *Id.* Therefore Plaintiff is filing the present motion. Pursuant to L.R. 6-3.

## ARGUMENT

Good cause exists to grant this ex parte motion to extend the date to oppose the motions and continue the hearing date. The hearing date of January 4, 2022 is well beyond fourteen days from the date of this motion. The Plaintiff will suffer substantial harm or prejudice if the Court does not change the time as the motion to dismiss will be granted with prejudice, thus ending Plaintiff's claims against these defendants. Plaintiff has complied with Civil L.R. 37-1(a) by counsel meeting and conferring with defendants' counsel prior to bringing this motion. The nature of the underlying dispute is a dispositive motion to dismiss. There have been no previous extensions or extension requests related to this matter. The requested time modification will have a minimal effect on the schedule for the case. The Sutter Defendants have also filed a motion to dismiss that is set to be heard on January 5, 2022. There has been no discovery or trial set in this matter.

///
///
///
///

**MOTION EXTEND TIME**                      6                      CASE NO.: 3:21-CV-04908-WHO

## **CONCLUSION**

For the foregoing reasons Plaintiff respectfully requests the court enter an order extending the time for Plaintiff to file his opposition to the State Board Defendants' Motion to Dismiss to December 17, 2021.

Respectfully submitted December 3, 2021.

By /s/ Marie Mirch
Attorney for Plaintiff