UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH PETERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUTTER MEDICAL FOUNDATION, et al.,<br><br>　　　　Defendants. | Case No. 3:21-cv-04908-WHO<br><br>**ORDER GRANTING MOTION FOR ATTORNEY FEES**<br><br>Re: Dkt. No. 118 |

Two defendants in this case, Sutter Bay Medical Foundation and Sutter Bay Hospitals, filed a motion for attorney fees arising from their anti-SLAPP motion to strike, which I previously granted. For the reasons that follow, their motion is granted and they are awarded attorney fees, though the total amount is reduced from what they initially request.

**BACKGROUND**

Plaintiff Ralph Peterson filed this case against various defendants and, as relevant here, defendants Sutter Bay Medical Foundation and Sutter Bay Hospitals (the "Sutter Defendants") filed a motion to dismiss all claims and a motion to strike the state law claims under California's anti-SLAPP law. [Dkt. Nos. 80, 82]. I granted the motion to strike in full and the motion to dismiss in part. ("Prior Order") [Dkt. No. 102].

Now, the Sutter Defendants moved for attorney fees for the anti-SLAPP motion and the motion to dismiss. ("Mot.") [Dkt. No. 118]. Peterson opposed, ("Oppo.") [Dkt. No. 140], and filed a request for judicial notice, [Dkt. No. 141]. The Sutter Defendants replied. ("Repl.") [Dkt. No. 142]. Finding this motion appropriate for disposition without oral argument pursuant to Civil Local Rule 7-1(b), I vacated the hearing. [Dkt. No. 146].

**LEGAL STANDARD**

"The award of attorneys' fees to a prevailing defendant in an anti-SLAPP motion is mandatory." *Vargas v. Berkeley Unified Sch. Dist.*, No. 16-CV-06634-WHO, 2017 WL 5991857, at *1 (N.D. Cal. Dec. 4, 2017) (citing Cal. Civ. Proc. Code § 425.16(c)(1)). Prevailing defendants are also entitled to fees for hours reasonably spent "to establish and defend the fee claim." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1141-42, 17 P.3d 735 (2001) (citation omitted).

"District courts typically employ the 'lodestar method' to calculate an appropriate amount of attorneys' fees." *Vargas*, 2017 WL 5991857, at *1. A lodestar calculation "requires the court to multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Seachris v. Brady-Hamilton Stevedore Co.*, 994 F.3d 1066, 1076 (9th Cir. 2021) (citation omitted); *see also Ketchum*, 24 Cal. 4th at 1131-32 (applying the lodestar method to calculating attorney fees for anti-SLAPP motions under California law).

The party seeking an award of fees must establish entitlement to the award and submit evidence that supports the hours worked and the rates claimed. *Seachris*, 994 F.3d at 1077. "If the applicant discharges its legal obligation as to the burden of production, the court then proceeds to a factual determination as to whether the requested fee is reasonable." *Id.* (citation omitted); *see also Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citation omitted) (noting the court may adjust the lodestar figure "if circumstances warrant" in order "to account for other factors which are not subsumed within it"). "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Seachris*, 994 F.3d at 1076 (citation omitted); *see also Ketchum*, 24 Cal. 4th at 1132 (considering, for attorney fees for an anti-SLAPP motion, "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award" (citation omitted)); *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, 12-cv-01971-CW, 2015 WL 1968388, at *3 (N.D. Cal. May 1, 2015) (considering similar factors in assessing reasonable attorney fees).

Reasonable hourly rates "are to be calculated according to the prevailing market rates in

the relevant community." *Seachris*, 994 F.3d at 1076 (citation omitted); *see also Skidmore v. Gilbert*, No. 20-CV-06415-BLF, 2022 WL 4625071, at *3 (N.D. Cal. Sept. 30, 2022) (same); *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205-06 (9th Cir. 2013) (considering the "prevailing market rates in the relevant community," and "the experience, skill, and reputation" of the attorney (citations and quotation marks omitted)).

## DISCUSSION

The Sutter Defendants request an award of $187,158.86 in fees and $194.85 in costs[1] related to the anti-SLAPP motion. Repl. Ex. K. This includes 103.5 hours for Chad DeVeaux and Michael Abraham for the anti-SLAPP motion, 32.8 hours for DeVeaux and Abraham for half the time spent on the overlapping material between the anti-SLAPP motion and the motion to dismiss, and 56.4 hours for DeVeaux and Marisa Livesay on the present motion for attorney fees and reply. *Id.* The requested billing rates are $997.30 for DeVeaux and Abraham and $899.63 for Livesay. *Id.* In opposition, Peterson argues the hours incurred are unnecessary and the hourly rates are unreasonable, requesting instead the award of a maximum $25,000. *See* Oppo.

As a preliminary matter, I am not persuaded by Peterson's argument that each attorney must submit her own affidavit attesting to time spent on each task, and I find that the defendants' declaration detailing the time spent by each attorney on each task is sufficient to support their motion. *See* Declaration of Michael Abraham ("Abraham Decl.") [Dkt. No. 118-1]. I have previously found similar declarations of contemporaneous time sheets were sufficient. *See In re Lidoderm Antitrust Litig.*, No. 14-MD-02521-WHO, 2018 WL 4620695, at *1-2 (N.D. Cal. Sept. 20, 2018); *Vargas*, 2017 WL 5991857, at *2. And Peterson's cited case does not support his theory because it affirmed the trial court's decision to decline awarding attorney fees where *no* declarations from counsel were submitted to show their work on the case. *See Ajaxo Inc. v. E*Trade Group Inc.*, 135 Cal. App. 4th 21, 64-65 (2005). Accordingly, I address the substance of

---

[1] Peterson does not oppose the award of costs. The request is reasonable and supported by the exhibits and so is GRANTED. *See* Cal. Code Civ. Proc. § 425.16(c)(1) (noting prevailing defendants in anti-SLAPP motions to strike are "entitled" to costs); *Cuviello v. Feld Ent., Inc.*, No. 13-CV-04951-BLF, 2015 WL 154197, at *5 (N.D. Cal. Jan. 12, 2015) (explaining district courts have discretion to award non-taxable costs to prevailing parties in anti-SLAPP motions).

the parties' arguments.[2]

### I. HOURS INCURRED ON "OVERLAPPING" ISSUES IN MOTION TO DISMISS

The defendants assert that they spent 65.6 hours working on issues for the motion to dismiss that overlapped with issues in the motion to strike, and they seek an award of fees for that work reduced by 50 percent, for 32.8 total hours incurred by DeVeaux and Abraham. *See* Mot; Mot. Ex. C. The exhibits provided with the motion appear to include all of the time that Abraham and DeVeaux spent working on the motion to dismiss. *See* Mot. Ex. C.

Although the Sutter Defendants cannot recover fees for work performed solely for the motion to dismiss Peterson's claims, they may recover for "expenses incurred on common issues of fact and law" across the anti-SLAPP motion and the motion to dismiss. *Moonbug Ent. Ltd. v. Babybus (Fujian) Network Tech. Co.*, No. 21-CV-06536-EMC, 2022 WL 1289048, at *4 (N.D. Cal. Apr. 29, 2022) (quoting *Open Source Sec., Inc. v. Perens*, No. 17-cv-04002-LB, 2018 WL 2762637, at *5 (N.D. Cal. June 9, 2018)). The defendants need not apportion the qualifying fees across those motions, *see id.*, but "common facts by themselves are insufficient [for an award of fees] when legal theories do not overlap," *Skidmore*, 2022 WL 4625071, at *6; *see also Resolute Forest Prods., Inc. v. Greenpeace Int'l*, No. 17-CV-02824-JST, 2019 WL 8377690, at *4 (N.D. Cal. Sept. 24, 2019) (same).

The 1.4 hours incurred for communicating with opposing counsel regarding scheduling for the motions to strike and dismiss are recoverable because that work inherently overlaps; the attorneys are not expected to have separate scheduling conversations about motions being heard on the same date. *See Moonbug*, 2022 WL 1289048, at *4 (noting defendants need not apportion qualifying fees). Another 15 hours from the contemporaneous time records show clear overlap between the legal issues in the motion to dismiss and motion to strike, .6 hours of which were

---

[2] Peterson's request for judicial notice of the state court's award of attorney fees, [Dkt. No. 141], is GRANTED. *See Lin v. Solta Med., Inc.*, No. 21-CV-05062-PJH, 2021 WL 5771140, at *7 (N.D. Cal. Dec. 6, 2021) ("[A] court may judicially notice court documents that are already in the public record or have been filed in other courts." (citation omitted)). I note that the state court order is not dispositive of the present motion because it awarded attorney fees to different counsel working on a different brief, and who are not seeking fees as part of this motion.

4

incurred by DeVeaux.³  The defendants are awarded fees for these 16.4 hours at their requested 50 percent reduction, for a total of 8.2 hours (.3 for DeVeaux).

But 9.6 hours are not recoverable because they relate solely to the federal claims and state arguments in the motion to dismiss, which are wholly distinct from the legal theories in the anti-SLAPP motion.⁴  *See Skidmore*, 2022 WL 4625071, at *6; *Resolute Forest Prods.*, 2019 WL 8377690, at *4 ("'Work that is inextricably intertwined with an anti-SLAPP motion is compensable,' but 'work performed on federal claims is not compensable.'" (citation omitted)).

As for the remaining 39.6 hours, all of the entries generally describe work done on the motion to dismiss, without detailing whether the work concerned common issues of fact and law as compared with the motion to strike.⁵  The vast majority of the motion to dismiss—20 out of 25 pages—concerned federal claims and state law arguments that are legally unrelated to the motion to strike.  *Compare* [Dkt. No. 82] *with* [Dkt. No. 80].  And while the defendants are entitled to fees for work on the motion to dismiss that concerned common issues of law and fact, *see Moonbug*, 2022 WL 1289048, at *4, they are not entitled to fees for work on the motion to dismiss that concerned common issues of fact alone, *see Skidmore*, 2022 WL 4625071, at *6.

Indeed, this case differs from *Moonbug*, 2022 WL 1289048, at *5, where the Honorable

---

³ For example, the defendants spent 2.7 hours analyzing my Prior Order "for use in next round of pleading challenges or anti-SLAPP motion," 2.1 hours obtaining and analyzing Peterson's declaration for use in both motions, 2.9 hours analyzing the SAC "for potential pleading challenges plus anti-SLAPP motion," 3.2 hours "drafting [MTD] re statutory immunities" (which is the same legal issue as the motion to strike), 3.3 hours preparing for argument, .8 hours arguing at the hearing, and .6 hours analyzing the strategy for the motions to dismiss and strike.

⁴ This includes 3.2 hours for arguments "re: no state action"; 2.3 hours for arguments "re: statute of limitations"; 2.7 hours for "state action as well as a timely cause of action"; and 1.4 hours for revising the motion to dismiss for the "federal claims."  Each of these issues are inherently different from the statutory immunity arguments presented in the anti-SLAPP motion.

⁵ For example, there are 3.2 hours for "Continue analysis and drafting of motion to dismiss," 2.1 hours for "Further analysis and drafting of motion to dismiss," 3.4 hours for "Further drafting and editing of Sutter entity's motion to dismiss," 2.3 hours for "Further drafting and editing of . . . motion to dismiss," and 4.3 hours for "Analysis and drafting of Reply MPA in support of . . . . motion to dismiss."  Mot. Ex. C.  Even the descriptions for 1.6 hours spent on "Continued analysis and drafting for pleading and/or anti-SLAPP challenges" and 3.2 hours on "Continue analysis and work on challenges as well as special motion to strike" do not distinguish between time spent on, for example, the federal claims as opposed to time spent on analyzing legal issues that overlapped with the motion to strike.

1  Edward M. Chen found that counsel was entitled to fees for work on state and federal claims that
2  was "inextricably intertwined with its anti-SLAPP motion work" because the counter-defendants
3  had to rebut the same legal arguments for all the claims. Rather, the facts here more closely align
4  with those in *Resolution Forest Products*, 2019 WL 8377690, at *4, where the Honorable Jon S.
5  Tigar found that counsel was not entitled to fees for work on federal or state claims that "spr[a]ng
6  from common facts" but were "premised on distinct legal theories without overlapping elements."
7  That is because here, the defendants' underlying arguments for the federal and state claims
8  concerned the existence of state action and the statutes of limitations, which while successful,
9  were fundamentally different from their statutory immunity arguments presented for their anti-
10 SLAPP motion. Accordingly, the defendants may only recover fees for the overlapping legal
11 issues and should have distinguished their work on distinct legal issues in their time entries. *See
12 also Seachris*, 994 F.3d at 1077 (explaining that the applicant for attorney fees has the burden to
13 provide satisfactory evidence of the reasonableness of its fee request, including "detailed
14 documentation of the hours worked" (citation omitted)). Without more detail in the defendants'
15 time entries, it is impossible to determine whether the work they did qualifies for fees. *See Sols.
16 30 E. Eur., S.R.L. v. Muddy Waters Cap. LLC*, No. 4:21-CV-02423-YGR, 2022 WL 1814439, at
17 *4 (N.D. Cal. Apr. 28, 2022), (subsequent history omitted) ("The vague entries make it difficult
18 for the Court to discern the basis for the fee sought.").

19 Relatedly, the defendants say that they spent over 100 hours on the motion to strike alone.
20 *See* Mot. Ex. B. The five pages of the motion to dismiss that present overlapping issues with the
21 motion to strike present essentially identical arguments as the anti-SLAPP motion, meaning the
22 defendants merely had to condense their arguments to fit into the motion to dismiss. It is unlikely
23 that the defendants spent dozens of hours making such consolidations, particularly given the
24 experience of the attorneys, and it is much more likely that the majority of the hours incurred for
25 the motion to dismiss were for non-overlapping arguments. *See also Ketchum*, 24 Cal. 4th at 1132
26 ("'[P]adding' in the form of inefficient or duplicative efforts is not subject to compensation.").

27 Accordingly, I will award 13.2 hours (.3 for DeVeaux) total for the remaining hours, a
28 reduction that sufficiently accounts for the overlap between the motions while reflecting the

1   difficulty of the issues—especially given the separate time dedicated to the motion to strike—and
2   also considers the defendants' voluntary 50 percent reduction of hours spent.  *See also Seachris*,
3   994 F.3d at 1076 (permitting exclusion of excessive and unnecessary hours).  Together, this yields
4   a total of 21.4 hours of work incurred on the motion to dismiss that overlapped with the motion to
5   strike, which is more than reasonable given the difficulty of and skill required for mostly repeating
6   the same arguments from the motion to strike.

## II.  HOURS INCURRED ON SUBSTANTIVE ANTI-SLAPP MOTION

The defendants request fees for 103.5 hours incurred by DeVeaux and Abraham for the anti-SLAPP motion, reply, and hearing.  *See* Mot. Ex. B.  They argue that the hours expended on this case were reasonable given the complexity and note that they voluntarily reduced their total request (including those requested for the overlapping hours and the motion for attorney fees) by 20 percent.  In opposition, Peterson argues that defense counsel incurred an excessive and unreasonable amount of hours given the complexity of the case.

I have reviewed the contemporaneous time records.  For Abraham, the defendants billed 14.3 hours for research and analysis, 2.1 hours for drafting, and 8 hours for editing.  For DeVeaux, the defendants billed 21.4 hours for research and analysis, 24.7 for drafting, 18.4 for editing, 3.5 for analyzing my orders and the plaintiff's arguments, 10 for communicating with opposing counsel and preparing for oral argument, and 1.1 for revising the table of authorities, correcting formatting, and making a binder.

 I agree with the defendants that the number of statements and claims by the plaintiffs made this motion to strike somewhat more time consuming than typical motions to strike, though I disagree that it was as uniquely legally complex as they contend.  *See* Mot. 7:16-8:17.  As supported by the fact that I addressed the entirety of the motion to strike in three pages in my order, the plaintiffs' arguments were numerous but legally flimsy.  *See* Prior Order 16:10-19:25.  I find that the novelty and difficulty of the questions involved was low, though counsel demonstrated skill in addressing the issues.  *See Ketchum*, 24 Cal. 4th at 1132.

Because the issues were numerous but relatively straightforward, the combined total of 35.7 hours for research and analysis as well as 26.8 hours for drafting are both excessive and

7

redundant. *See Seachris*, 994 F.3d at 1076; *cf. Skidmore*, 2022 WL 4625071, at *5 (finding reasonable 20 hours of "research and writing" on a motion to dismiss and strike in anti-SLAPP action and another 20 hours for the same tasks for the second motion to dismiss and strike). As one discrete example, DeVeaux incurred a total of 5.8 hours researching and writing about a single case (*Newport Harbor Ventures*), which was discussed only in two paragraphs in the reply brief and was sufficiently unimportant that it was not mentioned in my Prior Order. And Abraham's 14.3 hours of research and analysis are at least somewhat redundant given DeVeaux's 21.4 hours of research and analysis, particularly because DeVeaux is such an experienced anti-SLAPP litigator—though I note that Peterson fails to point to specific entries that are unreasonable or excessive. Given these considerations, I find a 25 percent reduction in these requested hours is warranted and reasonable, which yields for Abraham 10.7 hours for research and 1.6 for drafting, and for DeVeaux 16.1 hours for research and 18.5 for drafting.

DeVeaux's combined 13.5 hours incurred analyzing my orders and the plaintiff's arguments as well as preparing for oral argument are reasonable given the number of issues in the case and the fact that some of that time was spent addressing my tentative order. *Cf. GemCap Lending I, LLC v. Unity Bank Minn.*, No. 18-CV-05979-YGR, 2019 WL 3842010, at *3-4 (N.D. Cal. Aug. 15, 2019) (finding 10.6 hours reasonable for time spent preparing for and attending oral argument on anti-SLAPP motion).

Finally, it was not reasonable to expend a combined total of 26.4 hours on editing and revising the motion and reply given that these tasks—including making the papers more concise, as the time sheets indicate the attorneys were doing in part—are straightforward and do not require substantial skill. *See Moreno*, 534 F.3d at 1115; *cf. Skidmore*, 2022 WL 4625071, at *5 (finding reasonable 25 hours incurred for editing and revising across *two* sets of motions); *Sols. 30 E. Eur.*, 2022 WL 1814439, at *3-4 (finding unreasonable 26.5 hours drafting, revising, strategizing, and reviewing case files). Nor was it reasonable to incur 1.1 partner hours revising the table of authorities, correcting formatting, and making a binder, given these tasks require minimal skill and no legal degree. I will reduce these to the reasonable and necessary hours incurred by each attorney: 4 hours for Abraham and 9.5 hours for DeVeaux.

1   This yields a total of 16.3 hours for Abraham and 57.6 hours for DeVeaux. And while not
2   dispositive of reasonableness, I note that these hours, combined with the awards for the
3   overlapping time and the time spent on the present motion and ultimately totaling 123.6 hours, are
4   still higher than hours typically awarded for anti-SLAPP motions in this district. *See DuBois v.*
5   *Boskovich*, No. 21-CV-03224-HSG, 2023 WL 3637030, at *2 (N.D. Cal. May 24, 2023) (finding
6   reasonable 34.3 total hours on anti-SLAPP); *Skidmore*, 2022 WL 4625071, at *4-5 (finding
7   reasonable 117.3 for hours spent by attorneys on 2 joint motions to dismiss and strike); *Peak*
8   *Health Ctr. v. Dorfman*, No. 19-CV-04145-VKD, 2020 WL 3254337, at *6 (N.D. Cal. June 16,
9   2020) (finding reasonable 119.1 hours total for the motions to dismiss, to strike, and for attorney
10  fees); *GemCap Lending*, 2019 WL 3842010, at *3-4 (finding reasonable a total of 96.4 hours
11  expended on anti-SLAPP motion); *see also AT&T Mobility LLC v. Yeager*, No. 2:13-CV-00007
12  KJM DB, 2018 WL 1567819, at *3 (E.D. Cal. Mar. 30, 2018) (finding 74.8 hours "while on the
13  high end, is reasonable in the context of this heavily litigated case"); *Lee-Tzu Lin v. Dignity*
14  *Health-Methodist Hosp. of Sacramento*, No. CIV. S-14-0666 KJM, 2014 WL 5698448, at *4, *7
15  (E.D. Cal. Nov. 4, 2014) (finding reasonable 71.66 hours on anti-SLAPP motion and collecting
16  cases noting anti-SLAPP awards typically range from 40 to 75 hours).

### III.     HOURS INCURRED ON MOTION FOR ATTORNEY FEES

18  The defendants are entitled to reasonable fees for time spent on this present motion. *See*
19  *Ketchum*, 24 Cal. 4th at 1141-42. They seek 56.4 hours for time spent on the motion, mostly by
20  Livesay, which includes 18.3 hours for the eleven-page reply brief. *See* Mot. Ex. D; Repl. Ex. J.
21  Livesay is senior counsel at her firm and has over 15 years of experience, and DeVeaux is
22  a principal with over 20 years of experience. Abraham Decl. ¶¶ 21, 29. Livesay expended 1.3
23  hours conferring with colleagues about the motion, 6.7 hours reviewing and discussing requested
24  revisions with colleagues, and 45.4 hours reviewing cases on attorney fees; pulling billing
25  guidelines; reviewing the Laffey matrix, market surveys, and expert declarations; and revising the
26  briefs. Mot. Ex. D; Repl. Ex. J. DeVeaux expended 3 hours revising the reply brief. Repl. Ex. J.
27  Livesay's hours spent conferring with colleagues and reviewing and discussing requested
28  revisions are reasonable, given her experience. But the hours expended by Livesay and DeVeaux

1   reviewing cases, the Laffey matrix, market surveys, expert declarations, and billing guidelines, as
2   well as the time spent revising the briefs and exhibits, are unreasonably and unnecessarily high
3   given the lack of difficulty of the work performed and skill required.  *See Skidmore*, 2022 WL
4   4625071, at *9-10 (making similar finding); *cf. Moreno*, 534 F.3d at 1115 (noting that courts may
5   not "determine if different staffing decisions might have led to different fee requests" and instead
6   must base the decision on "[t]he difficulty and skill level of work performed, and the result
7   achieved").  I will reduce those requested hours to 27 for Livesay and 1.5 for DeVeaux, paralleling
8   the reductions in *Skidmore*.  Accordingly, the total hours recoverable are 35 for Livesay and 1.5
9   for DeVeaux, which is more than reasonable considering the work done and looking to the much
10  lower awards granted in this district for anti-SLAPP motions for attorney fees.  *See id.*; *DuBois*,
11  2023 WL 3637030, at *1-2 (finding reasonable 3.8 hours spent on the motion and 2.5 hours spent
12  on the reply); *Peak Health*, 2020 WL 3254337, at *6 (finding 13.9 hours reasonable for motion for
13  attorney fees based on anti-SLAPP motion to strike); *but see Moonbug*, 2022 WL 1289048, at *5-
14  6 (finding the request for 86.97 hours of work not unreasonable, given that constituted less than
15  half the time the attorneys spent on the substantive motion).

### IV.     REASONABLE RATES

Next, I address the reasonableness of the requested rates for each attorney—$997.30 for Abraham and DeVeaux and $899.63 for Livesay.  Abraham has 36 years of experience with complex commercial litigation, including anti-SLAPP motions.  Abraham Decl. ¶ 25.  DeVeaux has 22 years of experience, including with anti-SLAPP motions and First Amendment law.  *Id.* ¶ 21.  Livesay has 15 years of experience in complex business litigation, among other matters.  *Id.* ¶ 29.  Defendants argue that these rates are reasonable as the prevailing rates in the community, and they cite for support case law, the *Laffey* matrix adjusted to San Francisco rates via the federal locality pay differential, and the Wolters Kluwer 2022 Real Rate Report.  Peterson asserts that the rates are unreasonable and higher than the prevailing community rates.[6]

---

[6] Peterson also argues that I should decline to impose the awards because the rates are not supported by the rates actually charged by defense counsel—but I am unpersuaded by this argument because the hourly rates that can be awarded for anti-SLAPP motions are not limited to the rates actually charged.  *See DuBois*, 2023 WL 3637030, at *2.

1       Defendants calculated the hourly rates by using the *Laffey* matrix, which is a method
2   accepted in the District of Columbia, and then adjusted those rates to the local legal market via the
3   federal government's Locality Pay Tables. *See* Mot. 11:21-13:4. While they assert that courts in
4   this district "routinely" rely on the Laffey Matrix and similar assessments, they cite *Vasquez v.*
5   *Libre by Nexus, Inc.*, No. 17-CV-00755 CW, 2022 WL 4878648, at *14 n.11 (N.D. Cal. Oct. 3,
6   2022), which approved requested hourly rates for a class action settlement and cited the *Laffey*
7   matrix in a footnote, noting the rates were not contested by opposing counsel—whereas here the
8   rates pertain to an anti-SLAPP motion and are contested.[7] Also, the case that *Vasquez* cited in
9   support applied the *Laffey* Matrix for attorney fees in an antitrust action and cited the District of
10  D.C. for support. *See Theme Promotions, Inc. v. News Am. Mktg. FSI, Inc*, 731 F. Supp. 2d 937,
11  948 (N.D. Cal. 2010) (citing *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983)
12  (subsequent history omitted)). But the Honorable Yvonne Gonzalez Rogers declined to apply the
13  *Laffey* Matrix in a motion for attorney fees for an anti-SLAPP motion, explaining that "[t]he Ninth
14  Circuit . . . has repeatedly cautioned that 'just because the *Laffey* matrix has been accepted in the
15  District of Columbia does not mean that it is a sound basis for determining rates elsewhere, let
16  alone in a legal market 3,000 miles away.'" *GemCap Lending*, 2019 WL 3842010, at *5 (quoting
17  *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)); *see also Pollinator*
18  *Stewardship Council v. U.S. Env't Prot. Agency*, No. 13-72346, 2017 WL 3096105, at *6 (9th Cir.
19  June 27, 2017) ("The Laffey Matrix is not determinative of a reasonable hourly rate for San
20  Francisco-based . . . and Seattle-based [attorneys'] work on this Ninth Circuit petition for
21  review."); *Our Child.'s Earth Found. v. Nat'l Marine Fisheries Serv.*, No. 14-CV-01130-WHO,
22  2017 WL 783490, at *10 (N.D. Cal. Mar. 1, 2017) ("I will not bind plaintiffs to the *Laffey* matrix,
23  especially as statutory fee awards from this District do not establish that the *Laffey* matrix rates are
24  in line with prevailing rates for statutory fee cases in the Bay Area legal community." (citations
25  omitted)).
26      Rather than wholesale implementing the *Laffey* rates, I follow the Ninth Circuit's

---

[7] *Dubois* is not persuasive because the court found that the defendants cited the *Laffey* Matrix and then "disregard[ed]" it. 2023 WL 3637030, at *2.

11

1    instruction that the hourly rates must be reasonable and "calculated according to the prevailing

2    market rates in the relevant community." *Seachris*, 994 F.3d at 1076; *see also Skidmore*, 2022

3    WL 4625071, at *3. Notably, the majority of the cases cited by the defendants were not anti-

4    SLAPP motions and in fact support awarding a lower hourly fee than what they requested. *See*

5    Mot. 13:11-14:16 (collecting cases). At any rate, I am most persuaded by the decisions in this

6    district that assessed prevailing market rates for attorneys working on anti-SLAPP motions.

7        The requested rate for Abraham of $997.30, while high, is reasonable and comparable to

8    other awards in this district for attorneys in the Bay Area legal market, given Abraham's extensive

9    experience. *See Wynn v. Chanos*, No. 14-CV-04329-WHO, 2015 WL 3832561, at *2 (N.D. Cal.

10   June 19, 2015), *aff'd*, 685 F. App'x 578 (9th Cir. 2017) (collecting cases and finding rates of

11   $1,035/1,085 for attorney with over 40 years' experience "while at the high end of the spectrum,"

12   reasonable for the Bay Area legal market for anti-SLAPP motions); *Mogan v. Sacks, Ricketts &*

13   *Case LLP*, No. 21-CV-08431-TSH, 2022 WL 1458518, at *2 (N.D. Cal. May 9, 2022), *aff'd*, No.

14   22-15254, 2023 WL 2983577 (9th Cir. Apr. 18, 2023) (finding reasonable rates of $935/1,015.75

15   for partner[8] on anti-SLAPP motion); *Sols. 30 E. Eur., S.R.L. v. Muddy Waters Cap. LLC*, No.

16   4:21-CV-02423-YGR, 2022 WL 1814439, at *2 (N.D. Cal. Apr. 28, 2022) (finding rates of

17   $905/980 for partner with 40 years of experience was "at or below the median ranges for lawyers

18   of comparable experience in the Bay Area" for anti-SLAPP motion).

19       DeVeaux's requested rate of $997.30 is higher than the prevailing market rate in the

20   community, given his 22 years of experience. *Cf. Wynn*, 2015 WL 3832561, at *2 (finding rates

21   of $875/920 for attorney with 20 years' experience were high but reasonable for anti-SLAPP

22   motion); *see also Skidmore*, 2022 WL 4625071, at *3 (finding reasonable $575 for senior partner

23   with over 20 years' experience in anti-SLAPP motion); *Shahid Buttar for Cong. Comm. v. Hearst*

24   *Commc'ns, Inc.*, No. 21-CV-05566-EMC, 2023 WL 2989023, at *4-5 (N.D. Cal. Apr. 18, 2023)

25   (finding reasonable rates of $600 to $643 for senior counsel for anti-SLAPP motion). Therefore,

---

[8] The case says that the partner had six years of litigation experience but that she "led more than twenty jury trials, conducted hundreds of court hearings, and defended against hundreds of pretrial motions," so it seems her total years spent practicing was far higher than six. *Mogan*, 2022 WL 1458518, at *3.

1    given the prevailing market rates and DeVeaux's experience in the area, I will reduce his hourly
2    rate to $900 per hour, which while still high, is more in line with the rates in this market.
3         Livesay's requested rate of $899.63 is also higher than the prevailing market rate in the
4    community given her experience. *Cf. Skidmore*, 2022 WL 4625071, at *3 (finding reasonable
5    $450 for junior partner with 16 years' experience in the Bay Area for anti-SLAPP motion); *Sols.*
6    *30 E. Eur.*, 2022 WL 1814439 (finding rates of $725/785 for partner with over fifteen years of
7    experience were "at or below" the median rate for attorneys in the Bay Area for anti-SLAPP
8    motion); *Peak Health*, 2020 WL 3254337, at *5 (finding reasonable rates of $475 to $725 per hour
9    for attorneys working on anti-SLAPP motion, without discussing attorneys' experience);
10   *Moonbug*, 2022 WL 1289048, at *2 n.1 (concluding that rates between $475 and $690 were
11   reasonable in an anti-SLAPP motion, without noting years of experience); *Resolute Forest Prods.*,
12   2019 WL 8377690, at *3 (finding that hourly rates between $300 and $830 for anti-SLAPP
13   motion were "consistent with prevailing rates in the Bay Area legal market," without specifying
14   experience levels, in part because of the plaintiff's lack of opposition on the point). Accordingly,
15   in line with other courts in this district and the prevailing market rates, and given the
16   straightforwardness of the sole motion she worked on for attorney fees, I reduced Livesay's hourly
17   rate to $650 per hour. *See Moreno*, 534 F.3d at 1115 (noting district courts must assess the
18   "difficulty and skill level of the work performed" in determining hourly rates).

19                                    *       *       *

20   Therefore, the final lodestar calculations are as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Abraham | 12.9 (overlap) + 16.3 (motion to strike) = 29.2 hours | $997.30 | $29,121.16 |
| DeVeaux | 0.3 (overlap) + 57.6 (motion to strike) + 1.5 (fees motion) = 59.4 hours | $900 | $53,460 |
| Livesay | 35 hours (fees motion) | $650 | $22,750 |

26   The lodestar total is $105,331.16, which I find high but reasonable given the deductions
27   explained above.

13

**CONCLUSION**

For those reasons, the motion for attorney fees is GRANTED at the reduced lodestar. The defendants are awarded $105,331.16 in attorney fees and $194.85 in costs, for a total of $105,526.01.

**IT IS SO ORDERED.**

Dated: August 10, 2023

William H. Orrick
United States District Judge